Filed 6/7/24  P. v. Wyrick CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY WYRICK,<br><br>        Defendant and Appellant. | A169347<br><br>(Alameda County Super. Ct. Nos. 103805, 102563) |

**MEMORANDUM OPINION**[1]

In May 2023, Timothy Wyrick sent a letter to the Superior Court of Alameda County asking for clarification regarding a sentencing that took place in 1990.  The letter is somewhat unclear but, in summary, Wyrick notes that he was sentenced to two years in prison in 1990, and states that he noticed a minute order from the sentencing court that "placed on calendar on motion of the defendant to waive to set aside sentence pronounced on August 24, 1990."  Wyrick then asserts: "In fact, I never as[ked] my sentence to be set

_____

[1]     We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

1

aside!  Can you show me some pr[o]of.  [¶] I need this motion to set aside sentence.  Clarify!"

In response, the trial court issued what appears to be a minute order, indicating that it reviewed the docket and that Wyrick has previously made similar inquiries dating back to the early 1990's.  The court then briefly explained what occurred:  "In [case no.] 102563, [Wyrick] agreed that the August 24, 1990 probationary term would be set aside and a new, two-year prison term would be imposed.  In [case no.] 103805, [Wyrick] pled no contest to a violation of [Penal Code] section 245, former subdivision (a)(1) as a felony.  Imposition of sentence was suspended, and [Wyrick] was placed on formal probation for a period of three years.  According to the minutes, probation in [case no.] 103805 was 'to terminate upon release from custody in [case no.] 102563.' "  (Italics omitted.)  The court concluded by stating:  "the Court takes no action on [Wyrick]'s letter." (Capitalization omitted.)

Wyrick filed a notice of appeal, and his appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  Appellate counsel asserts, in conclusory fashion, that the appeal is cognizable as an "order made after judgment, affecting the substantial rights of the party" pursuant to Penal Code section 1237, subdivision (b).  We disagree.

" ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." ' "  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.)  Penal Code section 1237, subdivision (b) permits a defendant to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

Here, Wyrick's letter sought information about a sentencing motion in a decades old case.  The superior court took no formal action on the letter.  Neither counsel nor Wyrick—who has filed a supplemental brief—explains

2

how the court's response affected Wyrick's substantial rights, and we do not see how the court's response could possibly have affected his substantial rights.  In addition to the foregoing, there is no explanation as to why the superior court would even have jurisdiction over this matter, which concerns a two-year sentence imposed more than thirty years ago.  (*People v. King* (2022) 77 Cal.App.5th 629, 634 ["The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.'  [Citations.]  And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed' "]; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 ["[b]ecause the trial court lacked jurisdiction to modify defendant's sentence, denial of his motion to modify his sentence could not have affected his substantial rights"].)

## DISPOSITION

The appeal is dismissed.

_____
Fujisaki, Acting P.J.


WE CONCUR:

_____
Petrou, J.


_____
Rodríguez, J.


*People v. Wyrick* (A169347)

3